# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS GRANT,<br><br>   Petitioner,<br><br>  v.<br><br>STU SHERMAN, Warden,<br><br>   Respondent. | Case No.: 1:19-cv-01242-SKO (HC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE TO CASE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") serving a sentence of 40 years-to-life for his convictions in Santa Clara County of two counts of robbery. In this petition, Petitioner challenges a state court decision upholding the CDCR's determination that he is not entitled to parole consideration under California's Proposition 57. Upon review of the petition, it is clear that Petitioner is not entitled to habeas relief. Therefore, the Court recommends that the petition be **SUMMARILY DISMISSED**.

**I. PROCEDURAL BACKGROUND**

On January 13, 2009, Petitioner was convicted of two counts of second degree robbery in violation of Cal. Penal Code § 212.5(c), with multiple enhancements under Cal. Penal Code §§

1

667(a)(1) and 1170.12(a)-(d). (Doc. 1 at 28.) On March 27, 2009, Petitioner was sentenced to a total term of 40 years-to-life. (Doc. 1 at 1.)

On November 8, 2016, California voters adopted Proposition 57, known as "The Public Safety and Rehabilitation Act of 2016." Proposition 57 granted authority to the Secretary of the CDCR to adopt new regulations governing credit earning for inmates. Thereafter, Petitioner submitted a CDCR Form 22 "Inmate/Parolee Request" in which he sought early parole consideration pursuant to Proposition 57. (Doc. 1 at 54.) Petitioner was advised that he was ineligible for early parole consideration, because he had been convicted of a violent offense. (Doc. 1 at 54.) He requested review by a supervisor, but he was again informed that he did not qualify because of his convictions for bank robbery. (Doc. 1 at 54.) Petitioner then filed an administrative appeal. (Doc. 1 at 47.) His appeal was denied at the first level for the same reason. (Doc. 1 at 48.) He next filed an administrative appeal at the second level of review, and his appeal was rejected for the same reason. (Doc. 1 at 45-46.) Petitioner then appealed to the third level of review, and the appeal was denied. (Doc. 1 at 43-44.)

On October 19, 2018, Petitioner filed a petition for writ of habeas corpus in the Kings County Superior Court alleging that he is entitled to early parole consideration because his convictions for bank robbery are not violent felonies. (Doc. 1 at 29-30.) On November 30, 2018, the superior court denied the petition, noting that "Petitioner is serving a [sic] felony terms for two counts of robbery, which are classified as violent felonies pursuant to [Cal.] Penal Code section 667.5, subdivision (c)(9). Accordingly, Petitioner has been properly classified as a violent offender and he is not entitled to early parole under Proposition 57." (Doc. 1 at 30.) On January 7, 2019, Petitioner filed a habeas petition in the California Court of Appeal, Fifth Appellate District ("Fifth DCA"). (Doc. 1 at 27.) On February 28, 2019, the Fifth DCA summarily denied the petition. (Doc. 1 at 27.) Petitioner then filed a habeas petition in the California Supreme Court, and the petition was summarily denied on June 19, 2019. (Doc. 1 at 26.) On September 6, 2019, Petitioner filed the instant federal petition in this Court.

## II. DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

      B.      <u>Failure to State a Cognizable Federal Claim</u>

Petitioner challenges the state court decision denying his request for early parole consideration. He claims the CDCR wrongly denied his request, because his convictions for bank robbery do not qualify as violent felonies for purposes of California's Proposition 57.

Proposition 57 added Article I, section 32 to the California Constitution which provides:

§ 32. Public Safety and Rehabilitation Act of 2016

(a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law.

> (1) *Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.*
>
> > (A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.
>
> (2) Credit Earning: The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and approved rehabilitative or educational achievements.

(b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety.

Cal. Const. art. I, § 32 (emphasis added). Essentially, Proposition 57 provides an inmate who has completed his base term with a hearing before the Board of Parole Hearings. (Cal. Const. Art I, Sec. 32(a)).

For purposes of Proposition 57, violent felonies are defined in California Penal Code § 667.5(c). See People v. Harris, 2017 WL 423084 at *2 (Cal. App. 2017). Section 667.5(c)(9) defines the meaning of violent felony to include "any robbery." Therefore, Petitioner was convicted of a

violent felony rendering Proposition 57 inapplicable to his case. The state court's determination that California's Proposition 57 is inapplicable to Petitioner's case is binding on this court. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus"). As the Supreme Court held in Swarthout v. Cooke, 562 U.S. 216, 222 (2011), it is not this Court's role to determine whether California's laws or regulations were correctly applied in Petitioner's case. Therefore, Petitioner's claim is not cognizable under federal habeas review.

In addition, in Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 645 (2017), the Ninth Circuit held that a prisoner's claim, if successful, will not necessarily lead to immediate or speedier release from custody falls outside the "core of habeas corpus" and must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983, rather than in a habeas action. Nettles, 830 F.3d at 927-28; see, e.g., Borstad v. Hartley, 668 Fed.Appx. 696, 697 (9th Cir. 2016) (success on petitioners' claims that the lengthening of intervals between parole hearings caused by Marsy's Law violated their rights under Ex Post Facto Clause "would not necessarily result in a shortening of their sentences. Thus, the district court in each case lacked jurisdiction to grant 28 U.S.C. § 2254 habeas relief. Nettles, 830 F.3d at 935–37.").

In this case, success on Petitioner's claims will not necessarily lead to immediate or more speedy release from custody and therefore falls outside the core of habeas corpus. If he prevails on his claim that he is entitled to relief under Proposition 57, it does not necessarily follow that he will be released from prison on a date sooner than otherwise would occur. This is because Proposition 57, if applicable, only makes Petitioner eligible for parole consideration, and does not command his release from prison. He still must be found suitable for parole before he may be released from prison. If he prevails on any of his claims, the remedy would be a parole consideration hearing rather than an outright release from prison. Under Nettles, Petitioner's only potential recourse in federal court is to file a § 1983 complaint because his claim falls outside the core of habeas corpus.

In an appropriate case, a habeas petition may be construed as a civil rights complaint under 42 U.S.C. § 1983. Wilwording v. Swenson, 404 U.S. 249, 251 (1971); see Nettles, 830 F.3d at 935-36.

4

Although the court may construe a habeas petition as a civil rights complaint, it is not required to do so. Since the time when <u>Wilwording</u> was decided there have been significant changes in the law. For example, the filing fee for a habeas petition is five dollars; for civil rights cases, the fee is now $400 (with $50 of that fee reduced if the prisoner is allowed to proceed in forma pauperis). A prisoner is now required to pay the fee, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. <u>See</u> 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his prisoner trust account. Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Further, Petitioner's petition is not amenable to conversion because it does not name the proper defendant or seek the correct relief. <u>See</u> <u>Nettles</u>, 830 F.3d at 936 (quoting <u>Glaus v. Anderson</u>, 408 F.3d 382, 388 (7th Cir. 2005)) (in order to be converted, petition must be "'amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief.'")

It is important to note that this court has not determined that a claim would succeed if brought in a civil rights action under 42 U.S.C. § 1983. The court has referred to § 1983 as "potential recourse" because it would be premature in this habeas action to decide whether a claim actually could be stated under 42 U.S.C. § 1983. The Court only decides today that a habeas petition is the wrong vehicle for a prisoner to pursue enforcement of any federal rights he has as a result of the passage of Proposition 57.

**III.     ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is **DIRECTED** to assign a District Judge to the case.

**IV.     RECOMMENDATION**

The Court HEREBY RECOMMENDS that the petition be **SUMMARILY DISMISSED** with prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within

5

twenty-one days after being served with a copy, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 10, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE